UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-cv-22100-LEIBOWITZ

HILTON JOHN ESCOBAR PUDIS,

     *Petitioner,*

v.

WARDEN, KROME NORTH SERVICE
PROCESSING CENTER,

     *Respondent.*

_____/

## ORDER

**THIS CAUSE** comes before the Court on the Government's Response to Order in Habeas Cases Seeking Relief Pursuant to 8 U.S.C. § 1226(a) [ECF No. 7], filed on April 6, 2026.  The Government argues that Petitioner's detention is pursuant to the INA's expedited removal provision, 8 U.S.C. § 1225(b)(1), and thus this Court's lacks jurisdiction over the Petition.  [*See generally id.*].  The Court agrees.

Judicial review of an expedited removal order is governed by 8 U.S.C. § 1252.  *See Diaz Del Cid v. Barr*, 394 F. Supp. 3d 1342, 1345 (S.D. Fla. 2019) (citing *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 426 (3d Cir. 2016)).  The statute provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title[.]

8 U.S.C. § 1252(a)(2)(A)(i).  The statute does permit judicial review in habeas corpus proceedings of determinations made under § 1225(b)(1), applicable to expedited removal, but only in very limited circumstances.  *Id.* § 1252(e)(2).  Specifically, courts are limited to reviewing determinations of (1) whether the petitioner is an alien; (2) whether the petitioner was in fact ordered removed under Section

1225(b)(1); and (3) whether the petitioner can prove he is a lawful permanent resident, was admitted as a refugee, or was granted asylum. *Id.* §§ 1252(e)(2)(A)–(C). Essentially, "unless a habeas petitioner falls within this narrow class of reviewable claims, a district court's jurisdiction is foreclosed by statute."

But that does not completely end the inquiry. "Where statutory bars to jurisdiction would entirely preclude habeas review of executive detention, courts must confront the constitutional floor imposed by the Suspension Clause." *Quintero v. Field Off. Dir. of Miami ICE Field Off.*, No. 25-22428-CIV, 2025 WL 2588099, at *3 (S.D. Fla. June 23, 2025), *vacated on other grounds and remanded*, No. 25-12147, 2025 WL 2589756 (11th Cir. Sept. 5, 2025). The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. 1, § 9, cl. 2; *see also Boumediene v. Bush*, 553 U.S. 723, 783 (2008) (holding that "the writ must be effective" and available where no adequate substitute exists). In certain situations, including in the expedited removal context, the Suspension Clause requires that the writ of habeas corpus be available even if a statute expressly aims to deny it. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 300–01 (2001); *Osorio-Martinez v. Att'y Gen.*, 893 F.3d 153, 177 (3d Cir. 2018).

The Supreme Court has addressed the question of whether the restrictions on judicial review enacted by Section 1252(e)(2) violate the Suspension Clause. In *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), the Supreme Court rejected a claim that Section 1252(e) violates the Suspension Clause based on a challenge to a denial of asylum.

> In *Thuraissigiam*, the petitioner, who was in expedited removal proceedings, sought habeas review of an Immigration Judge's determination that he was not entitled to asylum on credible fear grounds. *Id.* at 114–15. After the district court determined that it lacked jurisdiction to consider the habeas petition based on Section 1252(e), the petitioner challenged the constitutionality of the statute on grounds it violates the Suspension Clause. *Id.* The Supreme Court held that the petitioner's Suspension Clause argument failed "because it would extend the writ of habeas corpus far beyond its scope 'when the Constitution was drafted and ratified.'" *Id.* at 107 (quoting *Boumediene*

*v. Bush*, 553 U.S. 723, 746 (2008)). The Court explained that the Suspension Clause protects the writ of habeas corpus as it existed in 1789, when the Constitution was adopted, and that at that time, the writ "simply provided a means of contesting the lawfulness of restraint and securing release." *Id.* at 117.

*Chaviano v. Bondi*, No. 25-22451-CIV, 2025 WL 1744349, at *5 (S.D. Fla. June 23, 2025) (Damian, J.).

Here, Petitioner challenges DHS's decision to place him in expedited removal.  [*See generally* ECF No. 1; ECF No. 7].  The undersigned, as well as many of my respected colleagues, have ruled that there is no jurisdiction over these particular challenges.  *See, e.g.*, *Izquierdo v. Ripa*, No. 25-cv-61231, Orde, ECF No. 12 (S.D. Fla. June 30, 2025); *Morejon Vidal v. Field Office Director*, Case No. 26-20334-CIV, ECF No. 7 (S.D. Fla. Apr. 2, 2026) (Bloom, J.); *Chaviano*, 2025 WL 1744349, at *8.

Accordingly, upon due consideration it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Petition [**ECF No. 1**] is **DISMISSED** for lack of jurisdiction.

2.  The *Clerk* is **DIRECTED** to mail a copy of this Order to Petitioner.

3.  The *Clerk* is further **DIRECTED** to **CLOSE** this case.  All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on April 22, 2026.

_____
**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record
        Hilton John Escobar Pudis, *pro se*
        A#249145731
        Krome Service Processing Center
        Inmate Mail/Parcels
        18201 SW 12th Street
        Miami, FL 33194